UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
_____
                                    :
MIDDLE DEPARTMENT INSPECTION        :
AGENCY,                             :
                                    :        Civil Action No.
                Plaintiff,          :        09-1469 (NLH)(KMW)
                                    :
        v.                          :
                                    :        OPINION
UNITED RE AG,                       :
                                    :
                Defendant.          :
_____ :
```

**APPEARANCES:**
JAMES L. MCKENNA
CONNOR WEBER & OBERLIES
WOODCREST PAVILION
10 MELROSE AVENUE
SUITE 450
CHERRY HILL, NJ 08003
*Attorney for plaintiff Middle Department Inspection Agency*

RICHARD H. SOMMER
ENERGY PLAZA BUILDING
8610 N. NEW BRAUNFELS
SUITE 309
SAN ANTONIO, TX 78217
*Attorney for defendant United Re AG*

**HILLMAN, District Judge**

     Before the Court is defendant United Re AG's motion to transfer venue pursuant to 28 U.S.C. § 1404(a). For reasons explained below, defendant's motion to transfer venue is denied.

     **I.    JURISDICTION**

     This action was filed in the Superior Court of New Jersey, Law Division and removed to this Court on the basis of diversity.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff, Middle Department Inspection Agency, is a New Jersey corporation with its principal place of business in West Chester, Pennsylvania.  Defendant, United Re AG, is a Swiss corporation with headquarters in Zug, Switzerland.  Defendant's principal place of business in the United States is located in San Antonio, Texas.  Plaintiff seeks damages in excess of $75,000.00.

## II.  BACKGROUND

Plaintiff states that it is an employer who contracted with Insurance Administrator of America, Inc. ("IAA"), a New Jersey corporation with its principal place of business in Cherry Hill, New Jersey.  The purpose of the agreement between plaintiff and IAA was to adopt and administer a self-insured health insurance plan for the benefit of plaintiff's employees.  According to plaintiff, IAA placed with defendant excess insurance coverage for certain risks and expenses incurred by persons covered under plaintiff's plan.

On February 9, 2009, plaintiff filed suit against defendant in a New Jersey state court, alleging that defendant failed to pay medical bills in the amount of $262,767.71.[1]  On March 27,

---

[1]   In addition to its lawsuit against defendant, plaintiff also is involved in arbitration proceedings against IAA before the American Arbitration Association.  The proceedings are being held in the State of New Jersey, as required by the parties' contractual agreement.

2009, defendant removed this action, on the basis of diversity, to this Court.  Defendant now moves this Court to transfer venue, in the interest of justice and for convenience, to the United States District Court for the Western District of Texas, San Antonio Division.

### III. DISCUSSION

Defendant argues that this case should be transferred to the United States District Court for the Western District of Texas because, pursuant to the parties' contractual agreement, Texas law will dictate the case's resolution.  Further, defendant asserts that the majority of witnesses reside and the contract was formed in Texas.

Plaintiff, on the other hand, contends that the choice-of-law agreement preferring Texas law is unsigned and unenforceable and that New Jersey law should control.  Regardless of which state law applies, plaintiff submits that most witnesses reside in either New Jersey or Pennsylvania and that the relevant contract was formed in New Jersey.  For those reasons, plaintiff opposes defendant's motion to transfer venue.

Under 28 U.S.C. § 1404(a), a court, in exercising its discretion, may transfer an action to any other proper venue for the convenience of the parties or in the interest of justice.[2]

---

[2] Section 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007); Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (finding that § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness" (citation omitted)). "The burden of showing a need for transfer is on the movant . . . ." In re Amendt, 169 Fed. Appx. 93, 96 (3d Cir. 2006) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).

Generally, when considering a motion to transfer under § 1404(a), district courts not only weigh the enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), but also a number of "private and public interests" to determine which forum may more conveniently facilitate the litigation and better serve the interests of justice. Jumara, 55 F.3d at 879.

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

---

division where it might have been brought." 28 U.S.C. § 1404(a).

4

> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted).

A comprehensive evaluation of all relevant factors reveals that defendant has not satisfied its burden in demonstrating that this case should be transferred under § 1404(a). First of all, in analyzing the private interests at issue, plaintiff has chosen the State of New Jersey as its forum. "In general, a court must generally defer to the plaintiff's choice of forum, particularly when the plaintiff resides in the forum state." Mercedes-Benz USA, LLC v. ATX Group, Inc., 2009 U.S. Dist. LEXIS 65023, at *11 (D.N.J. July 27, 2009) (citation omitted); see Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) ("[A] plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." (citation omitted)), cert. denied, 401 U.S. 910 (1971); see also Sinochem Int'l Co., 549 U.S. at 430 (finding the party asserting that the present forum is inconvenient "ordinarily bears a heavy burden in opposing the plaintiff's chosen forum"); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981) (finding a strong presumption in favor of the

5

plaintiff's choice of forum in deciding <u>forum non conveniens</u>).

Plaintiff is a New Jersey corporation with its principal place of business in nearby West Chester, Pennsylvania. Based on plaintiff's connection and proximity to New Jersey, this State provides a convenient forum in which plaintiff may litigate its case. Even though the Western District of Texas may be a more convenient forum for defendant, who has its principal place of business there, the desirability of that district as the proper venue for this case is greatly diminished by the burden and hardship that it presumably would impose upon plaintiff. <u>See</u> <u>Mercedes-Benz USA, LLC</u>, 2009 U.S. Dist. LEXIS 65023, at *11 ("[A] court will not transfer venue if such transfer would simply shift the burden of litigation amongst the parties.").

Moreover, the parties dispute where the majority of witnesses reside and which venue would prove more convenient for the witnesses. Defendant has submitted a list of names of potential witnesses and persons with knowledge of the case who reside in the Western District of Texas.[3] In response, plaintiff has set forth its own list of potential witnesses who reside in or around New Jersey. In addition, defendant contends that the contract at issue in this case was formed in Texas, while

---

[3] Although defendant mentions several witnesses who reside in the Western District of Texas, it does not assert that any of those witnesses would be unavailable if trial were to proceed in New Jersey.

6

plaintiff counters that the relevant contract was formed in New Jersey.  Because defendant must demonstrate that a balance of factors decidedly favors transfer of venue, "if 'when added together, the relevant private and public interest factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied.'"  Id. (quoting Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991)).  Therefore, without more, defendant cannot carry its burden and the motion to transfer should be denied.

With regards to public interests, the only argument defendant advances is that, based on a contractual agreement between the parties, Texas law will govern this case.  For that reason, defendant submits that the Western District of Texas is a more appropriate venue because a Texas district court will have greater familiarity with the substantive law of Texas than will this Court.

Defendant's assertion that Texas law will apply here is premised on a provision featured in a "TRUST AGREEMENT" between the parties.  The provision, entitled "Governing Law," reads: "THIS AGREEMENT AND THE TRUST IT CREATES SHALL BE INTERPRETED ACCORDING TO THE LAWS OF THE STATE OF TEXAS."  Plaintiff, however, challenges the applicability of Texas law, noting that the page on which the provision appears is unsigned by either party and, thus, is unenforceable.  By plaintiff's assessment,

7

New Jersey law, rather than that of Texas, should govern this matter.

At this stage of litigation, it is too early to determine which state's substantive law will decide this case. Suffice it to say, even if Texas law ultimately will apply, there is no reason why this Court cannot provide a proper and effective venue to resolve this case. See id. at *14 (noting that "[e]ven if Texas law were applied, this factor does not weigh in favor of transfer [because] that a court may have to apply the law of another state is insufficient to support granting a motion to transfer" (citation omitted)); Yocham v. Novartis Pharms. Corp., 565 F. Supp. 2d 554, 560 (D.N.J. 2008) ("[W]hile the familiarity of the trial judge with the applicable state law is a consideration that could tip the balance in an otherwise close call, the Court notes that federal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit." (citation omitted)).

As illustrated by the foregoing analysis, whatever factors may weigh in favor of defendant's request to transfer do so minimally. Therefore, given the considerable deference accorded a plaintiff's choice of venue and the burden borne by the moving party, defendant has not met its burden under § 1404(a) to

disturb plaintiff's choice of forum.[4]

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is denied. An Order consistent with this Opinion will be entered.

                                          /s/ NOEL L. HILLMAN
                                         NOEL L. HILLMAN, U.S.D.J.

October 9, 2009
At Camden, New Jersey

---

[4] Defendant does not suggest, and nothing indicates, that any other private interests, such as the parties' relative financial condition or the location of books and records, or any other public interests, such as the enforceability of the judgment, practical considerations, court congestion, local interests, or public policies, counsel in favor of transferring venue. Accordingly, the Court does not find any of those interests as a compelling reason to transfer this case.